UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DERRICK GLASS, | ) | CASE NO.  1:11 CV 2150 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT FARLEY, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Derrick Glass's above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), seeks to vacate the sentence he is currently serving because he is "actually innocent."  He claims the sentence he is serving is illegal.

BACKGROUND

Petitioner was named in a five count indictment filed in this Court on September 26, 2006.  *See United States v.  Glass, et al.*, No. 4:06cr0469 (N.D. Ohio 2006)(O'Malley, J.) [1]

---

[1]Consistent with "Distribution of the Criminal Docket of Judge Kathleen O'Malley," issued by Chief Judge Solomon Oliver Jr. as General Order (GO) 2011-5 on January 20, 2011, the case was reassigned to the undersigned on March 1, 2011.

Following his arrest in October 2006, Petitioner pleaded not guilty to the charges.  On December 4, 2006, the parties consented to Petitioner's offer to enter a guilty plea.  That same date, the United States filed an Information Regarding Prior Convictions, advising that it would "rely upon two previous convictions of DERRICK GLASS, for the purpose of invoking the increased sentencing provisions of Title 21, Section 841(b)(1)(A), United States Code." *Id.*  (ECF. No. 17). The two previous felony drug convictions upon which the United States relied included: Petitioner's Aggravated Trafficking in Drugs conviction on March 27, 1992 in the Court of Common Pleas of Mahoning County, Ohio, Case Number 1991 CR 691, and his conviction for possession of cocaine conviction on November 23, 2001, also in the Court of Common Pleas of Mahoning County, Ohio, Case Number 2000 CR 050.  *Id.*

On January 11, 2007, Petitioner entered a guilty plea to conspiracy to possess and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 5).  The government dismissed Counts 3 and 4.  On March 14, 2007, Petitioner was sentenced to serve 240 months imprisonment, 10 years supervised release and $200 special assessment.

Petitioner filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to18 U.S.C. § 3582 on April 29, 2008.  *Id.*  (ECF No. 63).  Upon Petitioner's Motion, he was appointed counsel.  Judge Kathleen O'Malley, however, denied Petitioner's Motion for Retroactive Application on August 10, 2010.  Three days later, Petitioner filed an appeal to the Sixth Circuit Court of Appeals.  *See United States v. Glass*, No.10-3993 (6th Cir. filed Aug. 13, 2010)(ECF No. 74). During the pendency of his appeal, he filed the present Petition.  The Sixth Circuit denied his appeal on November 1, 2011,

holding that:

> A defendant who is "subject to a statutory mandatory minimum sentence is not eligible for a reduction under § 3582(c)(2) because Amendment 706 does not lower the defendant's applicable guideline range." *United States v. McPherson*, 629 F.3d 609,611 (6th Cir. 2011). The quantity of drugs involved in Glass's offense, coupled with the government's concession in the parties' plea agreement, subjected Glass to a statutory mandatory-minimum sentence of 240 months of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). The district court imposed that 240-month statutory mandatory-minimum sentence. Therefore, Glass is not eligible for a sentence reduction under § 3582(c)(2). *See McPherson*, 629 F.3d at 611-12.

*Id.* at 3, Nos.10-3993/3994 (6th Cir. Nov. 1, 2011)(ECF No.  89).[2]

Petitioner now argues he is entitled to habeas relief because he is actually innocent of the crime for which he was convicted.  He asserts the Supreme Court announced "a new rule of constitutional law in *Carachuri-Rosendo v. Holder*, 130 S.Ct.  2577 (2010)" regarding predicate offenses.  Petitioner believes *Carachuri* held that it is unconstitutional to use a prior drug conviction to enhance a later sentence when the sentence served for the predicate offense is less than one year.  Because the imposition of his present sentence was based on prior convictions for which he was not imprisoned for more than a year, Petitioner asserts the Supreme Court has rendered his sentence unconstitutional.  For the reasons set forth below, Petitioner is not entitled to relief under § 2241.

### 28 U.S.C. §2241

Claims asserted by federal prisoners seeking to challenge their convictions or the imposition of their sentence must be filed by motion in the sentencing court under 28 U.S.C. §

---

[2]Petitioner's appeal was consolidated with co-defendant Marcus Higgins's appeal.

2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). When a federal prisoner seeks to challenge the execution or manner in which his sentence is served, however, he must file a petition in the court having jurisdiction over his custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Cohen*, 593 F.2d at 770.

Here, the Court has jurisdiction over Petitioner's custodian in this § 2241 habeas action. Petitioner is not, however, seeking to challenge the manner in which his sentence is being executed. Instead, he is clearly challenging the sentence imposed by this Court. To that end, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997).

It is the prisoner's burden to prove his remedy under § 2255 is inadequate or ineffective in order to pass scrutiny under the savings clause which section 2255 provides. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Petitioner states he is procedurally barred from filing a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. This fact alone does not, however, establish that his § 2255 remedy is inadequate or ineffective. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986). Thus, Petitioner argues further that he is entitled to relief under §2255's savings clause because he is "actually innocent."

Cases in which a claim of actual innocence have survived involved challenges to

-4-

a statute for which the prisoner's conduct was no longer considered a crime. *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir.), *cert. denied*, --- U.S. ----, 122 S.Ct. 493 (2001).  As an example, after the Supreme Court narrowed the 18 U.S.C. §924(c) definition of "use" of a firearm during a drug crime or violent crime, some prisoners found themselves innocent of committing a crime under the statute, but procedurally barred from filing a § 2255.  *See Bailey v. United States*, 516 U.S. 137 (1995).  As the Sixth Circuit noted:

> Because *Bailey* abrogated the overly broad definition of "uses" as it had then been interpreted by several of the circuit courts, *see* 516 U.S. at 142, 116 S.Ct. 501, this Court and other circuit courts subsequently recognized that defendants who had previously been sentenced pursuant to 18 U.S.C. § 924(c)(1), on the basis of the erroneous definition, could attack their sentences collaterally in light of *Bailey*, *see In re Hanserd*, 123 F.3d 922, 928 (6th Cir.1997), and that they could even resort to 28 U.S.C. § 2241 to do so if relief under § 2255 was "inadequate or ineffective." *See id.* at 929-30.

*Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Further, the Supreme Court's announcement of a new statutory interpretation, rather than a new retroactive rule of constitutional law, *see* 28 U.S.C. § 2255; *Peterman*, 249 F.3d at 462, precluded *Bailey* prisoners from filing successive motions pursuant to §2255.

The Sixth Circuit later explained that, in order "'[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  In this regard, "actual innocence" means factual innocence, rather than mere legal insufficiency. *Id.*  The Supreme Court discussed this distinction in *Kuhlmann v. Wilson*, 477 U.S. 436 (1986), when it described

-5-

actual innocence claims as synonymous with the "miscarriage of justice exception" developed from  language omitted from 28 U.S.C. §2244(b).  The *Kuhlmann* court held that the miscarriage of justice, or actual innocence, exception permitted successive claims to be heard if the petitioner "establish[es] that under the probative evidence he has a colorable claim of *factual* innocence." *Id*., at 454(emphasis added).  Years later, the Court instructed that, even if a constitutional violation occurred, an actual innocence claim was of no avail if it "resulted in the admission at trial of truthful inculpatory evidence which did not affect the reliability of the guilt determination." *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

In this context, it is the movant's burden to show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Where, as here, a guilty plea was entered, the circumstances under which that plea may be attacked on collateral review are strictly limited. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) (footnote omitted).

Petitioner pled guilty to the crimes for which he is currently serving a term of imprisonment.  In spite of his claims of innocence, there is no determination or suggestion that his plea was not voluntary or intelligent.  Moreover, he does not allege new facts or evidence have arisen which suggest he did not commit the offense to which he pled guilty.  *See Bousley*, 523 U.S. at 620.  Instead he attacks the legal sufficiency of the predicate offenses used to enhance his federal sentence as unconstitutional under *Carachuri*.  In *Carachuri*, a lawful permanent resident of the United States faced deportation after committing two misdemeanor

drug offenses in Texas.  An Immigration Judge (IJ) held the alien's second simple possession conviction was an "aggravated felony," rendering him ineligible for cancellation of removal. The Board of Immigration Appeals(BIA) and Fifth Circuit affirmed.  The Supreme Court granted *certiorari*, holding that a second or subsequent simple possession offense is an not aggravated felony under § 1101(a)(43) when the state conviction is not based on the fact of a prior conviction.  *Id.*, 130 S.Ct., at 2585- 90.  The Court reasoned that for a state conviction to qualify as an "aggravated felony," so as to preclude cancellation of removal, it is necessary for the underlying conduct to be punishable as a federal felony.  *Id*., at 2582-83.

Petitioner now argues *Carachuri* applies to cases wherein a federal prisoner is challenging the enhancement of his federal sentence based on state convictions that do not qualify as felonies.  As support, he cites a petition for writ of certiorari to the United States Court of Appeals for the Eighth Circuit granted by the Supreme Court in *Haltiwanger v. United States*, 131 S. Ct. 81 (2010). His reliance on *Haltiwanger*, however, is misplaced.

The district court determined Haltiwanger had a prior conviction for a felony drug offense, which triggered a mandatory minimum sentence of 240 months pursuant to 21 U.S.C. § 841(b)(1), and the court sentenced him to that minimum.  He filed a direct appeal of his sentence to the Eighth Circuit arguing his conviction for failure to affix a drug tax stamp, in violation of Kansas Statutes Annotated § 79-504, did not qualify as a prior felony drug offense because he could not have been sentenced to more than seven months imprisonment under the Kansas Sentencing Guidelines.  The Eighth Circuit affirmed the district court's sentence.  The Supreme Court vacated the Eighth Circuit's judgment and remanded the case for further consideration in light of *Carachuri*.

*Haltiwanger* did not involve a claim of actual innocence.  Further, the prisoner merely argued that the maximum authorized sentence the state could impose never exceeded one year.  While Petitioner argues he never *served* more than one year in prison for his state convictions, he does not claim the convictions did not *warrant* imprisonment for more than one year.  Regardless of the merits of his claim, however, there are no facts alleged that would support a claim of actual innocence. Thus, Petitioner has failed to meet his burden to prove that his remedy under § 2255 is inadequate or ineffective. *See  Charles*, 180 F.3d at 756; *see also Enigwe v.  Bezy*, 92 F. Appx. 315, 317, 2004 WL 551482 (6th Cir. 2004)("Although this court has not determined the exact scope of the savings clause, it appears ... prisoner must show an intervening change in the law that establishes ... actual innocence ... to obtain the benefit of the savings clause").

CONCLUSION

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 */s/Dan Aaron Polster 1/13/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

-8-
